UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RICKY LEE EDSALL, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO.: 1:06-CV-389** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is "Defendant's Motion for Leave to Conduct Supplemental Deposition of Plaintiff" filed by Defendant CSX Transportation, Inc. ("CSXT"), on April 13, 2007. (Docket # 29.) Specifically, CSXT requests permission to take a supplemental deposition of Plaintiff Ricky Lee Edsall, Sr., who was originally deposed on May 19, 2006. For the following reasons, CSXT's motion will be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Edsall originally filed this case against CSXT in Cook County, Chicago, Illinois, on October 26, 2004. On December 19, 2005, the Circuit Court of Cook County ordered the case dismissed based on *forum non conveniens* grounds. Subsequently, Edsall re-filed this case in the United States District Court for the Southern District of Illinois on December 23, 2005. After conducting a discovery hearing on March 29, 2006, the District Court entered an Order requiring CSXT to depose Edsall by June 1, 2006. Accordingly, CSXT completed an eight-hour deposition of Edsall on May 19, 2006. Based in part on Edsall's testimony regarding his lack of contacts with the Southern District of Illinois, CSXT filed a motion to transfer this case to the Northern

District of Indiana on June 19, 2006, which was granted on November 14, 2006.[1] This Court received the case on December 5, 2006. (Docket # 1.)

CSXT filed its motion for leave to take a supplemental deposition of Edsall on April 13, 2007, and the matter is now fully briefed. In support of its motion, CSXT argues that since the original deposition, it has obtained new medical records from Edsall and that a one and a half to two hour long supplemental deposition is therefore necessary to question Edsall concerning "previously uncovered topics regarding [his] medical history and mitigation of damages . . . ." (Def.'s Br. in Supp. of Mot. for Leave to Conduct Supplemental Dep. of Pl. 4.) .

## II. DISCUSSION

Federal Rule of Civil Procedure 30(a)(2)(B) provides that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . the person to be examined already has been deposed in the case . . . ."  Rule 26(b)(2) gives the court discretion to limit discovery when:

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Here, Edsall suggests that a supplemental deposition would be duplicative because he provided most of the so-called "new" medical records to CSXT's prior counsel well-before the May 19, 2006, deposition and that he was, in fact, questioned about his medical history and about mitigation of damages during this deposition. However, CSXT maintains that it only

---

[1] In the interim, on October 10, 2006, CSXT sent Edsall a request to sign an authorization so that CSXT could obtain his medical records before the court-imposed December 7, 2006, discovery deadline.

wishes to depose Edsall concerning topics that were not covered in the previous deposition.

CSXT's argument is persuasive. To explain, despite Edsall's contention that he was never treated by Dr. David Sabato, CSXT recently obtained a letter addressed to Dr. Sabato written by Dr. Eric Jenkinson regarding Edsall's medical condition and referencing an appointment with Dr. Sabato. Furthermore, Edsall admits that he has received ongoing care from Drs. Ribaudo and Schoedinger since the time of the May 19, 2006, deposition; obviously, those updated records would not have been a topic of questioning at the original deposition. Accordingly, the supplemental deposition that CSXT proposes would not be duplicative of the prior deposition. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Furthermore, despite Edsall's contention that CSXT should not have waited until after the May 19, 2006, deposition to obtain his authorization for medical records, CSXT ostensibly did not have "ample opportunity" to obtain these medical records. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). As noted above, updated records regarding Edsall's ongoing medical care would not have been available to CSXT at the time of the previous deposition. Accordingly, CSXT should be given the opportunity to examine Edsall regarding these updated records, particularly given that the original deposition took place almost one year ago as a result of a court-ordered deadline in an improper forum.

Finally, the proposed supplemental deposition would not be unduly burdensome or expensive, *see* Fed. R. Civ. P. 26(b)(2)(C)(iii), as CSXT represents that one and a half hours would be adequate for the limited purpose of examining Edsall regarding topics not covered in the prior deposition.

### III. CONCLUSION

For the foregoing reasons, CSXT's Motion for Leave to Conduct Supplemental

Deposition of Plaintiff (Docket # 29) is GRANTED. The supplemental deposition should be limited to one and a half hours in order for CSXT to examine Edsall regarding topics not previously covered in the May 19, 2006, deposition. Within fourteen days of the date of this Order, the parties shall agree upon a mutually convenient time and place to conduct the supplemental deposition of Edsall.

    SO ORDERED.

    Enter for May 8, 2007.

    S/ Roger B. Cosbey
    Roger B. Cosbey
    United States Magistrate Judge